**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**


| | |
|---|---|
| **IN RE** | |
| **KATHE MERCEDES MARTINEZ** | **CASE NO. 25-20642** |
| **DEBTOR** | **CHAPTER 13** |
| **KATHE MERCEDES MARTINEZ** | **PLAINTIFFS** |
| **V.** | **ADV. NO. 25-2016** |
| **GARCIA AUTO SALES LLC,** *et al.*, | **DEFENDANTS** |


**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PARTIAL
SUMMARY JUDGMENT IN PART**

On February 12, 2026, Debtor/Plaintiff Kathe Mercedes Martinez ("Plaintiff") filed a

Motion for Partial Summary Judgment on three claims against Defendant/Creditor Garcia Auto

Sales LLC ("Garcia Auto" or "Defendant"). [ECF No. 20 (the "Motion").] The Court entered an

order setting the Motion for a hearing on March 10, 2026, and directed Defendant to file a

Response to the Motion by February 26, 2026. [ECF No. 21.] Defendant did not do so. The

Motion is ripe for disposition and will be granted in part.

**I.      FACTUAL AND PROCEDURAL BACKGROUND.**

The parties have not submitted a set of undisputed material facts. However, admissions

in the pleadings and Plaintiff's exhibits (including her Declaration offered under penalty of

perjury [ECF No. 20-11]) establish the following facts that are undisputed for the purposes of

resolving this Motion.

On March 24, 2025, Plaintiff purchased a 2021 Toyota RAV4 (the "Vehicle") from

Defendant via a Retail and Installment Contract (the "Contract") for $24,095.24, with a down

payment of $5,500. [ECF No. 20-1 at 1; ECF No. 20-11 at ¶ 1.] Defendant recorded its lien on

the Vehicle fifty-two days later, on May 15, 2025. [ECF No. 20-9.]

Plaintiff then fell behind on her payments and, on July 16, 2025, the Vehicle was

repossessed. [ECF No. 20-11 at ¶ 5.] Plaintiff contacted American Credit Acceptance, who

confirmed that they had not authorized the repossession and advised her to call Garcia Auto. [*Id.*

at ¶ 6; ECF No. 20-3.] Plaintiff asserts in her Declaration, which is unrebutted, that she then

contacted Defendant and spoke with Defendant Martha M. Garcia Guzman, who refused to

return the Vehicle or the $5,500 down payment. [ECF No. 20-11 at ¶ 7.]

On July 23, 2025, Plaintiff filed a chapter 13 petition. [ECF No. 20-10.] The next day,

Plaintiff called Defendant to advise of the bankruptcy case and to demand the return of the

Vehicle, but Defendant refused. [ECF No. 20-11 at ¶¶ 10-11.] That same day, Plaintiff's counsel

sent a letter to Defendant stating that Plaintiff had initiated a bankruptcy case and demanding the

return of the Vehicle. [*Id.* at ¶ 12; *see also* ECF No. 20-2.] On July 25, 2025, Plaintiff's counsel

called Defendant and spoke with Guzman, who referred counsel to attorney Erik J. Wilbekin.

[ECF No. 1 at ¶ 27, ECF No. 11 at 3.] Wilbekin discussed the matter with Plaintiff's counsel

over a few phone calls and advised that the Vehicle had been "sold" to a third party. [*Id.* at ¶¶

28-29, ECF No. 11 at 3.] On July 29, 2025, Plaintiff's counsel sent an email to Wilbekin

contending Garcia Auto had violated the automatic stay and state law through the repossession

and retention of the Vehicle, but, during a phone call that day, Wilbekin advised Plaintiff's

counsel he did not yet know if he would represent Garcia Auto. [ECF No. 1 at ¶ 30, ECF No. 11

at 3; *see also* ECF No. 20-3.]

That same day, Arianys Rosado executed a termination of Garica Auto's Lien and an

Affidavit for Replacement or Non-Exchange to obtain a new license plate. [ECF No. 1 ¶ 31, ECF

No. 11 at 3; *see also* ECF Nos. 20-4 & 20-5.] On July 30, 2025, Defendant applied to transfer

title to the Vehicle to Garcia Auto. [ECF No. 20-6.] On August 5, 2025, Defendant transferred

the Vehicle from Plaintiff to Garcia Auto by filing an Affidavit Supporting Repossession and

Disposition of a Vehicle. [ECF No. 20-7.] By August 13, 2025, the Vehicle was formally

registered to Garica Auto. [ECF No. 20-8.]

Plaintiff then filed her Complaint against Defendants Guzman[1] and Garcia Auto on

September 26, 2025. [ECF No. 1.] Defendants, through new counsel, filed an Answer on

November 21, 2025, and an Amended Answer on December 1, 2025. [ECF Nos. 9 & 11.] The

Court entered an Amended Order for Trial on January 13, 2026, which (a) directed the parties to

file dispositive motions by February 12, 2026, and (b) set the matter for trial for March 26, 2026.

[ECF No. 19 at ¶¶ 2, 7.] Plaintiff timely filed her Motion and Garcia Auto failed to file a timely

Response.

## II.     JURISDICTION.

The Court has jurisdiction over this adversary proceeding. 28 U.S.C. § 1334(a). Venue is

proper in this District. 28 U.S.C. § 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(E),(F),

and (H). The parties have consented to the Court's entry of final orders or a judgment.

## III.    ANALYSIS.

### 1.     Summary Judgment Standard.

A summary judgment is appropriate if the pleadings, discovery and disclosure
materials on file, and any affidavits, show that there is no genuine issue as to any
material fact and that the movant is entitled to a judgment as a matter of law. FED.
R. BANKR. P. 7056(c)(2). A summary judgment may be entered "against a party
who fails to make a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear the burden of proof
at trial." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577 (6th Cir. 2007).

The moving party has the initial burden of proving that no genuine issue
of material fact exists and that the moving party is entitled to judgment as
a matter of law. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th
Cir. 1989). To meet this burden, the moving party may rely on any of the

---

[1] Plaintiff has not moved for summary judgment on her claims against Defendant Guzman.

evidentiary sources listed in Rule 56(c) or may merely rely upon the
failure of the nonmoving party to produce any evidence which would
create a genuine dispute for the jury. *Id*. at 1478. Essentially, a motion for
summary judgment is a means by which to "challenge the opposing party
to 'put up or shut up' on a critical issue." *Id*.

*Cox v. Ky. DOT*, 53 F.3d 146, 149 (6th Cir. 1995).

*Calloway Cleaning & Restoration, Inc. v. McFarland (In re McFarland)*, Adv. No. 17-2004,

2018 Bankr. LEXIS 451, at *8 (Bankr. E.D. Ky. Feb. 20, 2018). "'[T]he Court is not precluded

from deciding even a dispositive motion without considering input from a party who was

afforded an opportunity, but failed, to timely apprise the Court of its arguments.'" *Popovich v.*

*Turner (In re Turner)*, No. 24-20224, 2025 WL 2551618, at *2 (Bankr. E.D. Ky. Sept. 4, 2025)

(quoting *Blankenship v. Parke Care Centers, Inc.*, 913 F. Supp. 1045, 1049 (S.D. Ohio 1995)).

Although Defendant failed to file a timely response to the Motion, the Court must still determine

whether Plaintiff has shown she is entitled to a summary judgment as requested. *Id.*

   2.      **Defendant Violated the Automatic Stay.**

   The first count in the Complaint alleges Garcia Auto and Guzman violated the automatic

stay, though the Motion only seeks relief against Garcia Auto. Plaintiff alleges Garcia Auto

violated § 362(a)(1), (2), (3), (4), and (6), and that she is entitled to damages under § 362(k)(1).[2]

[Motion at 12-13, ECF No. 1 at ¶¶ 36-46.] Debtor does not offer a specific argument under any

one of these subparts, but the undisputed facts establish that the conduct at issue violates

§ 362(a)(3).

   Section 362(a) states:

   Except as provided in subsection (b) of this section, a petition filed under section
   301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of--

   (1) the commencement or continuation, including the issuance or employment of
   process, of a judicial, administrative, or other action or proceeding against the
   debtor that was or could have been commenced before the commencement of the
   case under this title, or to recover a claim against the debtor that arose before the

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate. . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . .

11 U.S.C. § 362(a). Plaintiff has the burden of proof to demonstrate that a stay violation has occurred, while Defendant has the burden of proof to demonstrate that an exception to the stay applies. *Jackson v. Paintmaster Premiere, LLC (In re Jackson)*, No. 24-50407, 2024 WL 4806395, at *2 (Bankr. E.D. Ky. Nov. 15, 2024).

Section 541(a)(1) defines the property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." As the Supreme Court has explained:

§ 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced.

Section 542(a) is such a provision. It requires an entity (other than a custodian) holding any property of the debtor that the trustee can use under § 363 to turn that property over to the trustee. Given the broad scope of the reorganization estate, property of the debtor repossessed by a secured creditor falls within this rule, and therefore may be drawn into the estate. While there are explicit limitations on the reach of § 542(a), none requires that the debtor hold a possessory interest in the property at the commencement of the reorganization proceedings. . .

In effect, § 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings.

*United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-07 (1983) (citation modified).

Following *Whiting Pools*, courts in the Sixth Circuit have held that a car repossessed but not sold prepetition remains part of the bankruptcy estate. *See Trainsouth Fin. Corp. v. Sharon*

5

*(In re Sharon)*, 234 B.R. 676, 681-82 (B.A.P. 6th Cir. 1999) (in case involving prepetition repossession, explaining "*Whiting Pools* requires that the right to possess the Debtor's car became property of this Debtor's Chapter 13 estate. . . . [P]ossession of the Debtor's car was part of the bundle of rights that became 'property of the estate' at the Chapter 13 petition. Once defined as 'property of the estate,' the statutory consequence under § 362(a) is application of the automatic stay. The Debtor's right to possession of the car was protected by the automatic stay."); *see also Tidewater Fin. Co. v. Curry (In re Curry)*, 347 B.R. 596, 602 (B.A.P. 6th Cir. 2006) ("A vehicle repossessed under Ohio law before commencement of a bankruptcy case, which has not been sold or otherwise disposed of, is property of the bankruptcy estate."). Further, withholding possession of the estate's property and refusing the debtor's use of the property after a demand has been tendered violates § 362(a)(3). *See Sharon*, 234 B.R. at 682 ("[the creditor] exercised control over the Debtor's car and over the Debtor's right to possess that car by withholding possession and refusing use of the car after demand and tender of adequate protection by the Debtor. This exercise of control violated the stay in § 362(a)(3).").

Here, the undisputed material facts demonstrate that Plaintiff is entitled to a summary judgment against Garcia Auto for a violation of § 362(a)(3). Plaintiff's sworn Declaration states that the repossession occurred prepetition on July 16, 2025, and no evidence rebuts this statement. [ECF No. 20-1 at ¶ 5.] Multiple exhibits reflect that Garcia Auto took steps to transfer the Vehicle's title post-petition. [ECF Nos. 20-4, 20-5 & 20-6.] Plaintiff also has shown she demanded the return of the Vehicle multiple times. [ECF Nos. 20-2 & 20-3.] Therefore, it is undisputed that (a) the repossession occurred prior to the petition date, (b) Plaintiff made demands for the Vehicle's return post-petition, (c) Garcia Auto rejected those demands, and (d) Garcia Auto took steps to transfer title to the Vehicle away from Plaintiff post-petition.

Plaintiff established Defendant engaged in acts to exercise control over property of the

estate in violation of § 362(a)(3).  Plaintiff therefore is entitled to a summary judgment on

Defendant's liability on Count I of the Complaint.

**3.      Plaintiff has Established the Initial Title Lien is a Preferential Transfer.**

Plaintiff also seeks to avoid the initial title lien on the Vehicle as a preferential transfer

under § 547(b). [Motion at 6.] That Code provision states:

> Except as provided in subsections (c) and (i) of this section, the trustee may,
> based on reasonable due diligence in the circumstances of the case and taking into
> account a party's known or reasonably knowable affirmative defenses under
> subsection (c), avoid any transfer of an interest of the debtor in property--
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such
> transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>
> (A) on or within 90 days before the date of the filing of the petition. . .
>
> (5) that enables such creditor to receive more than such creditor would receive if--
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the
> provisions of this title.

11 U.S.C. § 547(b).  "'All five elements are prerequisites to the finding of a voidable

preference.'" S*weet v. Frankenmuth Credit Union (In re Shafer)*, 663 B.R. 856, 862 (Bankr. E.D.

Mich. 2024) (quoting *Ray v. Security Mutual Fin. Corp. (In re Arnett)*, 731 F.2d 358, 360 (6th

Cir. 1984)). However, the trustee may not avoid a transfer that creates a security interest in

property the debtor acquires "that is perfected on or before 30 days after the debtor receives

possession of such property." 11 U.S.C. § 547(c)(3)(B).[3] Further, "[f]or the purposes of this

section, the debtor is presumed to have been insolvent on and during the 90 days immediately

---

[3] The Chapter 13 Trustee has conferred derivative standing upon Plaintiff concerning certain claims in the
Complaint, including this one. [Case No. 25-20642, ECF No. 22.]

preceding the date of the filing of the petition." 11 U.S.C. § 547(f). This section creates a

rebuttable presumption of insolvency for this ninety-day period and some evidence that is more

than speculative must be presented to rebut the presumption. *Williams v. McNabb (In re*

*McNabb)*, 567 B.R. 326, 337 (Bankr. W.D. Tenn. 2017).

Plaintiff has adduced evidence to satisfy each element of the § 547(b) claim. The title to

the Vehicle identifies Garcia Auto as the "First Lien Holder," which shows that the transfer was

made for its benefit. [ECF No. 20-9.] Plaintiff and Defendant executed the Contract on March

24, 2025 [ECF No. 20-1], and Defendant did not perfect the lien until May 15, 2025 [ECF No.

20-9], more than sixty days after the parties signed the Contract. Therefore, the exception in

§ 547(c)(3)(B) does not apply, and there can be no dispute the transfer was made on account of

an antecedent debt. Because Plaintiff filed her petition on July 23, 2025, Defendant perfected the

lien within ninety days of the petition date. Plaintiff is presumed to be insolvent during that time

and Defendant has not presented any evidence to the contrary. Additionally, a transfer occurs "at

the time such transfer is perfected, if such transfer is perfected after such 30 days." 11 U.S.C.

§ 547(e)(2)(B) Since the lien was not perfected within thirty days of the sale, the transfer

occurred within ninety days of the petition date.

As for the final element, if the transfer had not occurred, Garcia Auto would have been

considered an unsecured creditor. Other unsecured creditors have filed claims totaling

$13,589.73 in value. If Garcia Auto had not filed its lien, the Vehicle would have been property

of the estate when Plaintiff filed her petition. As property of the estate, a trustee could have

liquidated the Vehicle for the benefit of the bankruptcy estate and Garcia Auto would have

received a pro rata share along with other general unsecured creditors. Instead, after recording its

untimely lien and repossessing the Vehicle prepetition, Garcia Auto conducted a post-petition

transfer of the Vehicle to the detriment of the estate and the general unsecured creditors.

Therefore, Plaintiff has established that Defendant received more value from this transfer than it would have otherwise received. Plaintiff is thus entitled to a summary judgment against Defendant on Count II that avoids Defendant's title lien as a preferential transfer.

4.     **Plaintiff has not Established the Vehicle's Repossession Constitutes a Fraudulent Transfer.**

Finally, Plaintiff seeks a summary judgment on Count III, contending Defendant's repossession of the Vehicle amounted to a constructively fraudulent transfer pursuant to § 548(a)(1)(B). [Motion at 8.] That section states:

> The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--. . .
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . .

11 U.S.C. § 548(a)(1)(B).

"To prevail on his constructive fraud claim, the [plaintiff] must prove by a preponderance of evidence that the elements of § 548(a)(1)(B) have been met." *Moyer v. Rogers (In re Wedgewood Props., LLC)*, 661 B.R. 578, 616 (Bankr. W.D. Mich. 2024). The Motion offers no developed argument citing legal support to establish why the prepetition repossession should be construed as a constructively fraudulent transfer under the Code. The Court will not create Plaintiff's argument for her and will deny the Motion as to Count III of the Complaint.

5.     **Plaintiff's Damages and Any Other Relief Awarded will be Determined at Trial.**

Plaintiff is entitled to a summary judgment on Counts I and II.  However, Plaintiff has not yet proven an entitlement to specific relief beyond avoidance of Defendant's lien on the Vehicle as a preferential transfer.

9

In connection with Count I, Plaintiff seeks damages under § 362(k)(1). [Motion at 13.] That section states, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "Under § 362(k), a plaintiff is entitled only to damages reasonably incurred as a proximate result of the violation of the stay." *Grine v. Chambers (In re Grine)*, 439 B.R. 461, 468 (Bankr. N.D. Ohio 2010). "As the parties seeking damages under § 362(k)(1), Debtors bear the burden to prove 'by a preponderance of the evidence that the stay imposed under § 362 was violated, that the violation was committed willfully and that [Debtors were] injured by the violation.'" *In re Witham*, 579 B.R. 787, 792–93 (Bankr. E.D. Ky. 2017) (citation omitted). As this Court has explained:

> A "willful violation" does not require proof of a specific intent to violate the stay. Rather, "[a] violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act.". . . "Indeed, 'where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate.' ". . . Conversely, even if it is questionable whether a creditor knew of a debtor's bankruptcy at the time of the alleged stay violation, if the creditor "thereafter acquire[s] actual knowledge of the debtor['s] bankruptcy and fail[s] to take steps to undo and correct the ... result," that constitutes willful conduct by the creditor. . .

*Id.* at 793 (citation modified). Then, "'[o]nce a court determines that a party has willfully violated the automatic stay, the court is required by § 362(k)(1) to impose sanctions in an amount equal to the [d]ebtor's actual damages.'" *Id.* (citation omitted).

When seeking attorney's fees and costs, "the attorney's fees and costs claimed as damages, whether pre-litigation or post-litigation, must have been proximately caused by and reasonably incurred as a result of the violation of the automatic stay." *Grine*, 439 B.R. at 471. Thus, "[i]f litigation is unnecessary to afford a complete remedy to a debtor, then the fees for commencing and prosecuting an action will fail this standard. On the other hand, if litigation is necessary to afford a complete remedy to a debtor under the particular circumstances of the case,

there is nothing in the plain language of § 362(k) that precludes a judgment for the attorneys'
fees and costs incurred in prosecuting it." *Id.*

Further, "[a] party seeking punitive damages under § 362(k) must demonstrate that the
creditor's conduct was 'egregious, vindictive, or intentionally malicious.'" *Dawson v. RAM
Motors, LLC (In re Dawson)*, 665 B.R. 796, 805 (Bankr. S.D. Ohio 2025) (quoting *In re Baer*,
Case No. 11-8062, 2012 WL 2368698, at *10 (B.A.P. 6th Cir. June 22, 2012)). "While proof of
an overt wrongful intent is not required, it must be shown that the creditor acted in bad faith or
otherwise undertook its actions in reckless disregard of the law." *Witham*, 579 B.R. at 795.

As for Count II, Plaintiff seeks to recover the value of the preferential transfer, which
would be the Vehicle or its fair market value. [ECF No. 1 at ¶ 55.] Section 550(a) states that "the
trustee may recover, for the benefit of the estate, the property transferred, or, if the court so
orders, the value of such property, from. . . the initial transferee of such transfer or the entity for
whose benefit such transfer was made; or. . . any immediate or mediate transferee of such initial
transferee." 11 U.S.C. § 550(a). Additionally, § 551 holds that "[a]ny transfer avoided under
section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d)
of this title, is preserved for the benefit of the estate but only with respect to property of the
estate." 11 U.S.C. § 551.

Here, for both Counts I and II, Plaintiff has offered no evidence or support to establish
the relief and damages to which she is entitled. Therefore, the Court will take up these issues at
trial.

## IV.   CONCLUSION.

For the foregoing reasons, IT IS ORDERED:

11

1. Plaintiff's Motion for Partial Summary Judgment [ECF No. 20] is GRANTED as to

   Garcia Auto's liability under Counts I and II and DENIED as to Count III in its

   entirety.

2. A determination on the relief to which Plaintiff is entitled against Defendant on

   Counts I and II will be tried concurrently with the other pending counts against

   Defendant and Ms. Guzman on March 26, 2026.

3. A separate judgment in conformity herewith shall be entered.

12

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Douglas L Lutz*
**Bankruptcy Judge**
**Dated: Wednesday, March 4, 2026**
**(dll)**